UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WILLIE LEE TONEY, PETITIONER | CIVIL ACTION |
| VERSUS | No. 06-1111 |
| JAMES MILLER, WARDEN, WASHINGTON CORRECTIONAL INSTITUTE, DEFENDANT | SECTION "C" |

## ORDER & REASONS [1]

Before the Court is a Motion for stay of order granting habeas corpus relief pending appeal filed by James Miller. (Rec. Doc. 15). Petitioner was convicted on two counts of armed robbery in the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, on October 27, 1999. (Rec. Doc. 8 at 1). After exhausting available state remedies, Petitioner filed a petition with this Court for habeas corpus relief based on three claims: 1) the state trial court erroneously denied petitioner's actual innocence claim; 2) the state trial court erroneously denied petitioner's claim for alibi witness testimony; and 3) the state trial court erroneously denied petitioner's claim of ineffective assistance of counsel. *Id.* at 6, 7. This Court granted relief

---

[1] Jacob Goehring, a third year law student at the University of Alabama, assisted in the preparation of this decision.

1

based on claims 2 and 3, setting aside Petitioner's conviction and sentence, and ordering that the state either retry Petitioner or dismiss the charges within 120 days. *Id.* at 33. Having reviewed the record, the memoranda of counsel and the law, the Court has determined that the Motion for stay should be DENIED for the following reasons.

**STAY FACTORS:**

The determination of whether to permit a stay pending the appeal of a decision granting habeas relief is governed by the standard set forth in *Hilton v. Braunskill*, 481 U.S. 770 (1987). In *Hilton*, the Supreme Court noted that while Fed. R. Civ. P. 23(c) does create a presumption of release from custody for successful habeas petitioners, the federal courts may delay the release of a successful habeas petitioner in order to provide the State an opportunity to correct the constitutional violation found by the court. *Id.* at 774-75. This Court has provided such opportunity by affording the district attorney 120 days to retry the petitioner.

In addition to the language of Rule 23, the decision as whether to grant a stay is also guided by the general rules governing civil stays, FED. R. CIV. P. 62 and FED. R. APP. P. 8, regulated by the following four factors:

1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;

2) whether the applicant will be irreparably injured absent a stay;

3) whether issuance of a stay will substantially injure the other parties interested in the proceeding; and

    4)    where the public interest lies.

*Hilton*, 481 U.S. at 776.  The presumption in favor of enlargement of the petitioner may be overcome if these traditional factors "tip the balance against it."  *Id.* at 777.

In addition to these traditional stay factors, the Supreme Court directed that other factors be taken into consideration: the possibility of flight; the risk that a prisoner will pose a danger to the public if released, if the State establishes such a risk; and the State's interest in continuing custody and rehabilitation pending the final determination of the case on appeal.  *Id.*

**APPLICATION OF THE STAY FACTORS:**

The Court ruled that Plaintiff's original trial was constitutionally defective.  Therefore, the State must show conclusively, through an application of the stay factors described above, that a stay is warranted.  As noted by this Court in *Burbank v. Cain*, the State is required to make a *strong* showing of why it is likely to succeed in order for this Court to properly consider this factor in determining whether to grant a stay.  2007 WL 2809996 at *2 (E.D. La. September 24, 2007) (Berrigan, J.).  The State fails to address this issue at all so that element points against granting a stay.  The State instead reasons that it is "unlikely that the 5th Circuit Court of Appeals will issue a ruling on this appeal early enough for either the State or Toney's new counsel to prepare for trial."  (Rec. Doc. 15 at 2).  The State fails to apply the facts of the case to the motion at hand by detailing why the State is likely to succeed on the merits.

The State further argues that the only remaining trial date for 2008 in the Louisiana 21st Judicial District Court, Parish of Tangipahoa, Division A, is August 18 and that therefore, "the

120 day time limitation for retrial does not afford enough time for a ruling or for either the State or Toney's new counsel to prepare for trial." *Id.* at 2.  While this argument for stay may indirectly speak to the second stay factor, "whether the applicant will be irreparably injured absent a stay," it is not a proper factor for consideration by the Court as the State has once again failed to apply the facts of the cast to the Motion at hand.  Also, the Court is skeptical that a trial date cannot be assigned within the 120 days.

Also, the State does not address the third issue, namely injury to the other party in the case.  This Court has concluded that the Petitioner was wrongly convicted and his continued incarceration certainly is injurious to him.  Likewise, the State has not addressed the fourth issue, where the public interest lies.

Finally, the State has failed to inform the Court when it can and will retry Plaintiff, or even whether it intends to at all.  The Court's order to the State to notify the Court of its intentions to either retry or dismiss the charges against Plaintiff within 30 days of the Court's June 3, 2008 Judgment has gone unanswered.  (Rec. Doc. 9).  As was the case in *Burbank*, "the state . . . has not provided any evidence of any effort made toward trial, or even of intent thereof, since the order was issued."  2007 WL 2809996 at *3.  Accordingly, having failed to demonstrate that the factors set forth in *Hilton* overcome the presumption of enlargement in this case, the State's Motion to stay is DENIED.

**CONCLUSION:**

Accordingly,

    IT IS ORDERED that the Motion for stay is DENIED.  (Rec. Doc. 15).

    New Orleans, Louisiana, this 24th day of July, 2008.

                                     HELEN G. BERRIGAN
                                     UNITED STATES DISTRICT JUDGE